## No. 9800.

### JOHNSON & RANDOLPH vs. ARTHUR MCLAUGHLIN.

The case involves only questions of fact, which are examined and determined in accordance with the judgment below.

A PPEAL from the Civil District Court for the Parish of Orleans.
Tissot, J.

T. Gilmore & Sons, for Plaintiffs and Appellees:

W. S. Benedict, for Defendant and Appellant:

The opinion of the Court was delivered by

FENNER, J.  Plaintiffs, managers of a cotton press, entered into an agreement with defendant, a drayman, by which the latter was to haul all cotton which plaintiffs might have to haul in or out of the press, during the season of 1884-5, at a rate of twenty-four cents per bale, namely, eleven cents per bale inward and thirteen cents per bale outward.  As defendant, however, was a member of a labor organization, known as the Draymen's Association, which assumed to regulate the charges of its members, and had fixed the rates at twenty-eight cents per bale, or thirteen cents for inward and fifteen cents for outward hauling, the agreement was, at his request, divided into two separate written contracts, viz: Contract A, intended for exhibition to the association, by which plaintiffs were to pay for the hauling at the rates of thirteen cents inward and fifteen cents outward ; and contract B, by which defendant obligated himself to pay to plaintiffs four cents per bale on all cotton hauled by him.

Plaintiffs bring this suit to recover $2325 18, alleged to be due on the last-mentioned contract.

Defendant admits the contract, does not contest the correctness of the account according to the contract, and makes no pretense of payment ; but avers that, shortly after its date, the plaintiffs agreed with him to cancel and annul the contract B ; and that, thereafter, the hauling was done and paid for exclusively according to the terms of contract A.

Upon this defense the testimony of the parties is widely divergent.

Both agree that shortly after the hauling began, the Draymen's Association passed a resolution requiring each member to go before a

notary and make an affidavit that he receives full tariff rates, and a committee was appointed to carry the resolution into effect. Although the resolution itself does not so state, defendant says that he was required to swear that he received full tariff rates, *without rebate.*

In this dilemma, he appealed for relief to plaintiffs. Here the divergence begins. Defendant swears that plaintiffs then agreed to cancel and annul contract B. Plaintiffs swear that, to accommodate defendant, and to enable him to placate his conscience in the matter of the affidavit, they agreed to pay him in full, according to the contract A, for the hauling as it was done through the season, without deducting the rebate, and that after the season was over, and the contract ended, defendant would then pay them the whole amount due under contract B.

Plaintiffs' theory is supported:

1st. By the decided preponderance of the oral testimony.

2d. By their retention and production of the written contract B, which, if defendant's theory were correct, should have been canceled or destroyed.

3d. By the absence of any consideration to induce plaintiffs to forego so substantial an advantage, secured by a positive contract with a responsible man, and by the maxim, " *nemo facile præsumitur donare.*"

4th. By the fact that when, at the end of the contract, plaintiffs presented their account, and demanded payment, defendant's answer in writing, set up no such defense, but assigned other reasons for not complying with the demand.

5th. By the fact that the learned district judge, who saw and heard the witnesses, found in favor of plaintiffs.

Under such conditions we have no hesitation in holding that the defense made is not sustained.

Judgment affirmed.